FILED

OCT 0 5 2015

Karen J. Miller
Clerk of Court
By: Deputy Clerk

1  Glenn E. Tremper
   GLENN E. TREMPER, PLLC
2  300 River Drive North, Suite 5
   P. O. Box 2263
3  Great Falls, MT 59403
   Telephone: (406) 761-9400
4  Facsimile: (866) 552-9189

5  Attorneys for Plaintiffs

6

7

8  MONTANA FIFTH JUDICIAL DISTRICT COURT, MADISON COUNTY

9

10  THE ENCLAVE CONDOMINIUM          )   Cause No. DV-29-2015-48
    OWNERS ASSOCIATION, INC.; TCCI, LLC;  )
11  JEFF AND LAURA UBBEN 2000 TRUST;  )
    LAUREL ASNESS, REVOCABLE TRUST;  )
12  JOEL T. LONG; PATRICIA S. GANNON  )   **AMENDED COMPLAINT AND
    FAMILY TRUST; OLIVIER-NOMELLINI   )     JURY DEMAND**
13  REVOCABLE TRUST; JAMES A. NOLEN;  )
    SCHNELL 2003 FAMILY TRUST; BOTTI  )
14  HUGHES LIVING TRUST; SNOWFLAKE    )
    LODGE, LLC; and, YC ENCLAVE, LLC,  )
15                                     )
            Plaintiffs,                )
16                                     )
        -vs-                           )
17                                     )
    VOYAGER CONSTRUCTION, LLC;         )
18  VOYAGER PROPERTIES, LLC;           )
    VOYAGER GROUP, LP, and DOES        )
19  I THROUGH XXX                      )
                                       )
20          Defendants.                )

21

22      For their Amended Complaint, the above-captioned Plaintiffs allege as follows:

23                          I. PARTIES

24                        A. Plaintiffs

25      1.      Plaintiff The Enclave Condominium Owners Association, Inc. ("ECOA"), is a

26  Montana Mutual Benefit Corporation with Members authorized to do business within the

27  State of Montana. Its principal place of business is in Big Sky, Montana. ECOA is the

28  homeowners association for The Enclave Condominiums in the Yellowstone Club, Big Sky,

EXHIBIT A

1  Montana.   ECOA asserts herein claims for damages to certain Common Elements of the
2  condominiums as described below.

3       2.    Plaintiff TCCI, LLC, is a Limited Liability Company formed under the laws of
4  Georgia, and is the owner of Unit 1A at the Enclave Condominiums.

5       3.    Plaintiff Jeff and Laura Ubben 2000 Trust is a trust administered in the State
6  of California by Jeffrey and Laura Ubben as trustees, and is the owner of Unit 1B at the
7  Enclave Condominiums.

8       4.    Plaintiff Laurel Asness, Revocable Trust is a trust administered in the State
9  of Connecticut by Laurel Asness as trustee, and is the owner of Unit 2A at the Enclave
10  Condominiums.

11       5.    Plaintiff Joel T. Long is a resident of the State of Montana and is the owner
12  of Unit 2B at the Enclave Condominiums.

13       6.    Plaintiff Patricia S. Gannon Family Trust is a trust administered in the State
14  of Massachusetts by Paul Gannon as trustee, and is the owner of Unit 3A at the Enclave
15  Condominiums.

16       7.    Plaintiff Olivier-Nomellini Revocable Trust is a trust administered in the State
17  of Arizona by Kenneth E. Olivier and Angela Nomellini as trustees, and is the owner of Unit
18  3B at the Enclave Condominiums.

19       8.    Enclave Partners, LLC, is a Limited Liability Company formed under the laws
20  of New York, and is the owner of Unit 4A at the Enclave Condominiums.

21       9.    Plaintiff YC Enclave LLC is a Limited Liability Company formed under the
22  laws of California, and is the owner of Unit 4B at the Enclave Condominiums.

23       10.    Plaintiff James A. Nolen is a resident of the State of Pennsylvania, and is the
24  owner of Unit 5A at the Enclave Condominiums.

25       11.    Plaintiff Schnell 2003 Family Trust is a trust administered in the State of
26  Texas by Timothy Schnell, co-trustee, and is the owner of Unit 5B at the Enclave
27  Condominiums.

28       12.    Plaintiff Botti Hughes Living Trust is a trust administered in the State of

- 2 -

EXHIBIT A

1    California by John and Heather Botti, and is the owner of Unit 6A at the Enclave

2    Condominiums.

3        13.     Plaintiff Snowflake Lodge, LLC, is a Limited Liability Company formed under

4    the laws of Montana, and is the owner of Unit 6B at the Enclave Condominiums.

5        14.     The Plaintiffs and others identified in Paragraphs 2 through 13 are collectively

6    identified as "Unit Owners" below.   Each owner identified as a Plaintiff asserts herein

7    claims for damages to the portions of the Enclave Condominiums identified as their

8    separately owned Unit.   Each Unit Owner identified as a Plaintiff has been named based

9    on information presently available; any inaccuracy in the name or names of any Unit Owner

10    shall be corrected by later amendment.

11                               **B. Defendants**

12        15.     Defendant Voyager Construction, LLC, ("VCL") was formed as a Montana

13    Limited Liability Company in August of 2001 and was merged with and into Defendant

14    Voyager Properties, LLC in September of 2010.   At all relevant times, it had its principal

15    business office in Big Sky, Montana.

16        16.     Defendant Voyager Properties, LLC, ("VPL") is a Montana Limited Liability

17    Company formed in May of 2003, with its principal business office located Big Sky,

18    Montana. In September of 2010, it merged with and became the successor to Defendant

19    VCL. All debts, liabilities and other obligations of Defendant VCL became the debts,

20    liabilities and other obligations of Defendant VPL.   All assets of Defendant VCL including

21    insurance policies, became assets of Defendant VPL.

22        17.     Defendant Voyager Group, LP ("VG") is a Montana Limited Partnership

23    formed in 2000, with its principal business office located at Big Sky, Montana.   Upon

24    information and belief, at all relevant times VG, by and through its employees and agents,

25    was a managing member or agent of VCL and VPL, and as such authorized, directed,

26    ratified, contributed to or separately undertook the acts, errors and omissions which caused

27    the damage to Plaintiffs alleged herein.

28        18.     The identities of Defendants Does I through XXX are not presently known to

EXHIBIT A

1    Plaintiffs, who therefore sue such persons or entities under fictitious names.  Defendants
2    Does I through XXX may include any other individuals or entities whose actions, negligent
3    or otherwise, contributed to Plaintiffs' injuries.   Such persons or entities may include, but
4    are not limited to, entities and individuals who managed or controlled a named Defendant,
5    entities owned or controlled by a named Defendant, subcontractors, suppliers, laborers,
6    realtors, affiliates, agents, successors, assigns, employers, employees, and/or advisors of
7    one or more of the identified Defendants.   Upon information and belief, each of the
8    Defendants sued herein under a fictitious name is legally responsible in some manner for
9    the events and happenings referred to herein.   When the identity of any Defendant
10   fictitiously named becomes known to Plaintiffs, they will move to further amend this
11   Amended Complaint to properly identify such Defendant.

12                              **II.  JURISDICTION AND VENUE**

13         19.   The actions and conduct which are the subject matter of this case occurred
14   in the area known as the Yellowstone Club, Madison County, Montana.  This Court has
15   jurisdiction over this matter and venue is proper in Madison County, Montana.

16                              **III.  GENERAL ALLEGATIONS**

17         20.   The general allegations set forth below are common to all counts of this
18   Amended Complaint and are incorporated in each count as if fully set forth therein.

19         21.   In 2004, Yellowstone Development, LLC, prepared and filed a Declaration
20   for Enclave Condominiums with the Clerk and Recorder of Madison County, Montana,
21   declaring that certain real property and improvements existing and to be constructed on
22   the real property would be subject to the Montana Unit Ownership Act, Chapter 23, Title
23   70, MCA 2003 as amended.  The name of the project was declared to be The Enclave
24   Condominiums.

25         22.   Upon information and belief, in 2006 the project was transferred by
26   Yellowstone Development, LLC, to Defendant VPL, and VPL became the successor
27   and/or assignee of all rights and obligations of the former project owner.

28         23.   In November 2006, VPL prepared a Restated and Revised Declaration for

                                            - 4 -

                                                                              EXHIBIT A

1  The Enclave Condominiums ("Declaration").  The Declaration was filed  with the Clerk

2  and Recorder of Madison County, Montana.

3       24.    The Declaration identifies VPL as the "Developer" of the project.

4       25.    The Declaration provides that the buildings constructed and to be

5  constructed would be constructed as shown on architect-prepared plans.

6       26.    In November 2006, at VPL's direction, ECOA adopted Restated and

7  Revised Bylaws of the Enclave Condominiums Owners Association, Inc. ("Bylaws").

8  The Bylaws were filed with the Clerk and Recorder of Madison County, Montana.

9       27.    The Bylaws provide that the business and affairs of ECOA shall be

10  managed by a Board of Directors.  The Board of Directors is authorized to employ

11  personnel or contract for the maintenance, upkeep and repair of Common Elements or

12  other property or equipment owned or provided for the use of ECOA.

13       28.    The Bylaws provide that the Board of Directors shall consist of not less

14  than three Directors.

15       29.    The Bylaws provide that the initial Board of Directors was to be appointed

16  by the Declarant, VPL.  The three Directors appointed by the VPL were to serve until

17  the first annual meeting of the ECOA, at which time one new board member was to be

18  elected by members.  Under the bylaws, such an election would be by members, with

19  one vote being accorded each constructed or planned condominium unit.

20       30.    The Bylaws identified three individuals who VPL appointed to serve as

21  Directors and Officers of ECOA.  Upon information and belief, VPL appointed W. Dean

22  Genge as a Director and the President of the ECOA and Douglas L. Hein  a Director

23  and the Treasurer of ECOA.  Upon information and belief, Mr. Genge and Mr. Hein

24  were and are employees, agents or otherwise under the direction and control of VG.

25  Upon further information and belief, their actions as they relate to the matters alleged

26  herein were taken VPL's and/or VG's with full knowledge, ratification and consent,

27  either express or implied.

28       31.    The project consists of six structures with two units each or twelve units

- 5 -

EXHIBIT A

1    total.  Upon information and belief, Defendant VCL was hired by Defendant VPL, under

2    the direction or with participation by VG,  to construct the structures consistent with

3    contract documents, including plans and specifications.   Upon information and belief,

4    such documents obligated VCL to perform construction tasks in a good and

5    workmanlike manner consistent with the plans and specifications developed for the

6    project, the rules and regulations governing construction at the Yellowstone Club, the

7    customs and practices in the industry and applicable building codes.

8         32.    Upon information and belief, Defendant VCL, under the direction or with

9    participation by Defendants VPL and/or VG, selected, retained, supervised and

10   inspected the work of one or more agents and/or subcontractors, who performed

11   construction services on the project.

12        33.    Upon information and belief, VCL and its agents and/or subcontractors,

13   constructed the roof on each Enclave Building.

14        34.    Upon information and belief, the plans and specifications for the

15   construction of roofs on the Enclave Buildings contained details and other instructions

16   regarding the proper methods for constructing the roofs.

17        35.    Upon information and belief, VCL and its agents and/or subcontractors or

18   insulated the attic spaces or other spaces below the roof in each Enclave Building.

19        36.    Upon information and belief, the plans and specifications for the Enclave

20   Buildings contained details and other instructions regarding proper methods for

21   insulating the attic spaces and other spaces below the roofs in the Enclave Buildings.

22        37.    Upon information and belief, VCL and its agents or independent

23   contractors did not construct the roofs or insulate the attic spaces in the manner

24   described by the plans and specifications for the project.  Also upon information and

25   belief, VCL and its agents or independent contractors, did not construct the roofs or

26   insulate the attic spaces in accordance with the rules and regulations of the

27   Yellowstone Club, with industry standards or the applicable building code.

28        38.    Enclave Building 1 was completed in October of 2006, and its two units

- 6 -

EXHIBIT A

1    were first sold, upon information and belief, in 2007.  They were first occupied
2    thereafter.

3        39.    Enclave Building 2 was completed in November of 2006, and its two units
4    were sold, upon information and belief, in December of 2006. They were first occupied
5    thereafter.

6        40.    Enclave Building 3 was completed in June of 2007.  Upon information and
7    belief, its units were sold prior to the date of completion. They were first occupied in or
8    after June of 2007.

9        41.    Enclave Building 4 was completed in July 2007, and its two units were
10   sold in August and September of 2007. They were first occupied thereafter.

11       42.    Enclave Building 6 was completed (ahead of Enclave Building 5) in
12   February 2008, and its two units were sold and first occupied thereafter.

13       43.    Enclave Building 5 was completed in October, 2013, its units were sold
14   and first occupied thereafter.

15       44.    VPL, by and through the actions of VG and others, sold the units to Unit
16   Owners.  Upon information and belief, the agreements governing the sale of the units
17   included, among other terms, the covenant and representation that the construction of
18   the buildings and the units therein would be performed in a workmanlike manner, and in
19   accordance with the plans and specifications, with the rules and regulations governing
20   construction of buildings in the Yellowstone Club, with industry standards and
21   applicable building codes.

22       45.    Upon information and belief, VPL, through its agents and employees,
23   made representations to Unit Owners in the course of the purchase transactions that
24   the construction of the buildings and the units therein would be performed in a
25   workmanlike manner, and in accordance with the plans and specifications, with the
26   rules and regulations governing construction of buildings in the Yellowstone Club, with
27   industry standards and applicable building codes.

28       46.    VPL and VG, through their agents and employees, continued to direct and

- 7 -

1   exercise control over completion of construction of the project, including the inspection
2   of work performed by VCL or others on the project, the identification and correction of
3   construction defects, and the performance of necessary maintenance of Common
4   Elements of the project until control over the project was transferred to Unit Owners in
5   approximately the Spring of 2012, when the last of Defendants' agents and/or
6   employees stepped down from his positions as a Director and President of ECOA.
7       47.    In May of 2013, leaks developed in the roof of Enclave Building 3. Such
8   leaks continued to occur sporadically thereafter.
9       48.    In the fall of 2013, the Board was advised that the roof of Building 3, along
10  with other roofs, were deteriorating rapidly, and that it was likely the roofs had not been
11  properly constructed. The Board determined that the proper course was to re-roof
12  Building 3 rather than attempt repairs.
13      49.    In the summer of 2014, ECOA employed contractors to remove the
14  original roof on Building 3 and install a new roof. The work commenced in mid-June,
15  2014. In the course of such work, the contractors discovered evidence of numerous
16  construction errors, which had resulted in extensive water damage to sheeting,
17  insulation and other portions of Units 3A and 3B. Defective construction methods
18  included the installation of the Ice and Water Shield underlainment without removing
19  the protective backing that keeps the adhesive intact until installation. The
20  underlainment was installed not in accordance with manufacturer's specifications, the
21  plans and specifications or industry standards. The result was that the Ice and Water
22  Shield did not adhere to the roof deck and as unable to perform it crucial role of
23  protecting the structure from ice and water damage. The underlying roof deck or
24  sheeting, insulation materials and sheetrock and other elements of the structures were
25  damaged and required repair.
26      50.    In addition, it was discovered that Tyvek Home Wrap that was installed at
27  the roof sidewall and endwalls was installed in such a manner that water was allowed to
28  drain behind the sidewall and endwalls, and damage the structure underneath. The

EXHIBIT A

1  installation was not consistent with manufacturer's specifications, the plans and
2  specifications for the project, industry standards or the applicable building code.

3        51.    It was further determined that the insulation installed in the building was
4  not in accordance with the plans and specifications.  The defective insulation resulted in
5  increased snow melt on the roof, the formation of damaging ice dams on the roof, and
6  water damage to the roof and other elements of the building.

7        52.    Following discovery of the construction defects in Building 3, ECOA has
8  begun to replace the roofs of other buildings.  In the summer of 2015, ECOA has
9  replaced the roofs of Buildings 1 and 2.  Contractors performing the re-roofing have
10  determined that the same or similar construction errors are present in Building 1 and 2,
11  along with other construction errors.  Such errors have caused tangible property
12  damage to the structures and to the portions of the structures defined as Units by the
13  Declaration.

14        53.    Upon information and belief, the same construction errors exist in the
15  remaining buildings, causing property damage to the buildings.  Upon information and
16  belief, such property damage exists both in common and limited common elements
17  under the control of ECOA, and certain Unit Owners' individual Units.

18        54.    Upon information and belief, through the negligent actions of Defendants,
19  and each of them, construction defects were created which have caused and are
20  continuing to cause substantial physical damage to the roof decking, flashing, insulation,
21  sheetrock and other portions of the Enclave buildings.   Property that has suffered
22  damage includes work performed by contractors other than VCL.  Such damages are
23  continuing, and new damages are occurring due to Defendants' actions through the time
24  of this Amended Complaint.

25        55.    The nature of the conditions found in the Enclave buildings, and the
26  relationship between the Defendants' actions, the creation of defective conditions and
27  the damages that have arisen and continue to arise in the buildings, are concealed or
28  self-concealing to Plaintiffs.   Damages are continuing, and their cause or causes

EXHIBIT A

1  continue to be investigated.  This action has been filed within the appropriate time period

2  following discovery of facts constituting the claims contained herein or, alternatively,

3  within the appropriate time period following the time when, in the exercise of due

4  diligence, each Plaintiff should have discovered the facts constituting such claims.

5       56.    Upon information and belief, through additional negligent actions of

6  Defendants, and each of them, Defendants VPL and VG failed to properly investigate,

7  identify, detect, address, remedy and/or disclose when they had the duty to do so the full

8  nature of the construction defects identified above.  To the extent the defects were

9  known to Defendants prior the commencement of this proceeding, such defects and/or

10 the rights of the Plaintiffs to pursue claims were concealed from Plaintiffs by actions of

11 Defendants.

12                    **COUNT I: NEGLIGENCE**
                **(Against VCL and its successor, VPL)**

13      57.    Defendant VPL is a successor to Defendant VCL.  As an entity employed

14 to construct the Enclave Condominiums, VCL owed ECOA and the Unit Owners a duty

15 of care.  Defendant VCL had a duty to perform construction work in a reasonably skillful

16 and workmanlike manner, and to act reasonably so as not to create conditions which

17 may foreseeably cause harm to the interests of others, including ECOA and purchasers

18 of Units at the project.

19      58.    VCL breached its duties by, among other actions:

20   A.   Failing to exercise reasonable care in determining the suitability of the

21       architect-prepared plans for the environmental conditions found at the site;

22   B.   Failing to exercise reasonable care in following the architect-prepared

23       plans and specifications for the project;

24   C.   Failing to exercise reasonable care in the selection of agents and/or

25       subcontractors who performed the work in question;

26   D.   Failing to exercise reasonable care in instructing and supervising the

27       activities of its agents and/or subcontractors in connection with the work in

28

EXHIBIT A

question;

E.    Failing to exercise reasonable care in inspecting and accepting the work of its agents and/or subcontractors who performed the work in question;

F.    Through inadvertence, accidentally allowing the construction of a roofing system, including underlainment, sidewall and endwall barriers and flashing, which did not adequately protect the structure from damage caused by the environment;

G.    Through inadvertence, accidentally allowing the installation of insulation which did not adequately protect the roofing system from excessive melting and re-freezing during winter months;

H.    Through inadvertence, neglecting to timely investigate, identify, detect, address, remedy, disclose or warn Plaintiffs of the defective conditions found in the structures when they had an opportunity to do so; and

I.    Violating applicable statutes, rules, regulations, manufacturer's instructions and industry standards, including the applicable building code.

59.    As a direct and proximate result of VCL's negligence, property damage has occurred to the roof deck, sheeting, insulation, and other portions of the structures. ECOA is obligated to perform the repair of such damages.  VCL's negligence also has produced conditions which have caused additional property damage to the interior spaces of each Unit Owner's units, including sheetrock on ceilings and walls.   Thus, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

**COUNT II: NEGLIGENCE PER SE**
**(Against VCL and its successor, VPL)**

60.    The State of Montana has adopted the International Residential Code as the State Building Code to regulate members of the construction trade such as VCL.

61.    Plaintiffs are members of the class the State Building Code was enacted to protect.

- 11 -

EXHIBIT A

62.    The damage suffered by Plaintiffs is the damage that the State Building Code was enacted to protect against.

63.    VCL did not comply with the State Building Code in the construction of the Enclave buildings.  Specifically, and without limitation, Plaintiffs are informed and believe that VCL did not comply with the following sections of the applicable International Residential Code: Section R703.1, R703.8, R904 and R905.1.

64.    The Plaintiffs have suffered damages as a result of VCL's negligence per se in an amount to be proven at trial.

## COUNT III: BREACH OF CONTRACT
### (Against VCL and its successor, VPL)

65.    Upon information and belief, VCL entered into a contractual arrangement with VPL or others for the construction of the Enclave Condominiums which, among other terms, expressly or impliedly required VCL to construct the Condominiums in a workmanlike manner, in accordance with plans and specifications, in compliance with construction standards of the Yellowstone Club, and in compliance with industry standards including applicable building codes.  VPL entered into such an arrangement for the benefit of ECOA and the future owners of the Units, the Unit Owners herein. Plaintiffs ECOA and Unit Owners are third party beneficiaries of the agreement for the construction of the Condominiums.

66.    Through negligence or otherwise, VCL breached the agreement.

67.    VCL's breach of the agreement has produced conditions which have caused property damage to the roof deck, sheeting, insulation, and other portions of the buildings.  ECOA is obligated to perform repair of such damages.  VCL's breach of the agreement also has produced conditions which have caused additional property damage to the interior spaces of Unit Owner's units, including sheetrock on ceilings and walls.

68.    As a direct and proximate result of VCL's breach, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

- 12 -

EXHIBIT A

## COUNT IV: BREACH OF WARRANTY
### (Against VCL and its successor, VPL)

69.    Defendant VCL actually or impliedly warranted that the labor and materials in connection with the construction of the Enclave buildings would be supplied and/or performed in a substantially workmanlike manner.  Further, VCL actually or impliedly warranted the suitability of their work for its intended purpose.  Plaintiffs ECOA and Unit Owners are third party beneficiaries, or are otherwise entitled to the benefits of, such warranties.

70.    Through negligence or otherwise, VCL has breached its warranties.

71.    VCL's breach of the agreement has produced conditions which have caused property damage to the roof deck, sheeting, insulation and other portions of the buildings.  ECOA is obligated to perform repair of such damages.  VCL's breach of the agreement also has produced conditions which have caused additional property damage to the interior spaces of Unit Owner's units.

72.    As a direct and proximate result of VCL's breach of its warranties, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

## COUNT V: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against VCL and its successor, VPL)

73.    Defendant VCL breached the contractual implied covenant of good faith and fair dealing, causing damages to Plaintiffs in an amount to be proven at trial.

## COUNT VI: NEGLIGENCE
### (Against VPL)

74.    As the Developer of the Enclave Condominium project, Defendant VPL, owed ECOA and the Unit Owners a duty of care.   Such Defendant had a duty to act reasonably so as not to create conditions which may foreseeably cause harm to the interests of others, including ECOA and Unit Owners.

75.    VPL breached its duties, by among other actions:

A.    Failing  to exercise care in reviewing or overseeing the design of the Enclave Buildings to accommodate the environmental conditions found at

- 13 -

EXHIBIT A

the Yellowstone Club in Big Sky;

B.    Failing to exercise care in selecting, employing, supervising, directing and inspecting the work of VCL and other building professionals who performed work on the Enclave Buildings;

C.    Through inadvertence, accidentally allowing the construction of a roofing system, including underlainment, sidewall and endwall barriers and flashing, which did not adequately protect the structure from damage caused by the environment;

D.    Through inadvertence, accidentally allowing the installation of insulation which did not adequately protect the roofing system from excessive melting during winter months;

E.    While in control of ECOA, or while otherwise having responsibility to do so, failing to exercise reasonable care to timely investigate, identify, detect, address, remedy, advise, disclose or warn Plaintiffs of the defective conditions found in the structures when they had an opportunity to do so;

F.    Failing to take other precautions to protect against the damage to the roof, insulation and other portions of the structures.

G.    Violating applicable statutes, rules, regulations, and industry standards, including the applicable building code.

76.    As a direct and proximate result of VPL's negligence, property damage has occurred to the roof deck, sheeting, insulation, and other portions of the structures. ECOA is obligated to perform repair of such damages.  VPL's negligence also has produced conditions which have caused additional property damage to the interior spaces of Unit Owner's units, including sheetrock on ceilings and walls.  Thus, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

EXHIBIT A

## COUNT VII: NEGLIGENT MISREPRESENTATION
### (Against VPL)

77.    Defendant VPL made representations to the Plaintiffs concerning various facts regarding the project, the structures, the adequacy of construction methods employed by VCL, and the condition of the project.

78.    Such representations were made with the intent that Plaintiffs rely on them.

79.    Plaintiffs did rely upon each of the Defendant's representations.

80.    Defendant made such representations without any reasonable ground for believing them to be true.

81.    The representations were untrue and Plaintiffs were unaware that the representations made to them by the Defendant were untrue.

82.    As a direct and proximate result of their reliance on Defendant's representations, Plaintiffs have been injured, entitling them to damages in an amount to be proven at trial.

## COUNT VIII: BREACH OF CONTRACT
### (Against VPL)

83.    Upon information and belief, VPL entered into purchase and sale agreements with Unit Owners in which VPL expressly or impliedly obligated itself to provide Unit Owners with buildings that were constructed in a workmanlike manner, met the plans and specifications for construction, met industry construction standards, met construction standards of the Yellowstone Club, and met applicable building codes.  VPL further agreed to convey the property subject to the terms and conditions of the Declaration and Bylaws, including without limitation the covenant that the buildings would be built per the architect-approved plans and specifications.

84.    VPL breached its agreements with the Unit Owners and ECOA

85.    Under the Declaration and Bylaws,  ECOA is responsible for the cost of repair and maintenance of the roofing and insulation systems at issue and has standing to asset the cost of repair and maintenance.   Unit Owners are responsible for the repair and maintenance of portions of the structure not within the common elements or limited

- 15 -

EXHIBIT A

common elements of the project and may properly assert the damages which VPL's breach of its agreements have caused.

86.     VPL's breach of its agreement has proximately caused damages to each of the above-captioned Plaintiffs in an amount to be established at trial.

### COUNT IX: BREACH OF WARRANTY
### (Against VPL)

87.     Defendant VPL actually or impliedly warranted in its agreements with ECOA and Unit Owners that the Enclave Condominiums would be constructed in a substantially workmanlike manner, and that the construction would be suitable for its intended purposes.

88.     Defendant breached such warranties.

89.     Under the Declaration and Bylaws,  ECOA is responsible for the cost of repair and maintenance of the roofing systems at issue and has standing to asset the cost of repair and maintenance.   Unit Owners are responsible for the repair and maintenance of portions of the structure not within the common elements or limited common elements of the project and may properly assert the damages which VPL's breach of its agreements have caused.

90.     As a direct and proximate result of VPL's breach of its warranties, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

### COUNT X: BREACH OF IMPLIED COVENANT OF
### GOOD FAITH AND FAIR DEALING
### (Against VPL)

91.     Defendant VPL breached the contractual implied covenant of good faith and fair dealing, causing damages to Plaintiffs in an amount to be proven at trial.

### COUNT XI: REMEDIES UNDER THE MONTANA RESIDENTIAL CONSTRUCTION
### DEFECT ACT (Sections 70-19-426, et. seq., MCA)
### (Against VCL and its successor, VPL, and VPL individually)

92.     ECOA is a unit owner's organization created to own and operate portions of the Enclave Condominiums and holds the power to require unit owners to pay costs and expenses incurred in the performance of its obligations.  Accordingly, ECOA is an

- 16 -

EXHIBIT A

"Association" under Section 70-19-426(2), MCA, and a "Homeowner" under Section 70-19-426(6)(b), MCA.

93.     Each unit in the Enclave Condominiums is a unit in a multi-unit residential structure in which title to each individual unit is transferred to the owner under a condominium or cooperative system. Accordingly, each Unit in the Enclave Condominiums is a "Residence" under Section 70-19-426(7), and each Unit Owner is a "Homeowner" under Section 70-19-426(6)(a), MCA.

94.     As homeowners of a residence in which construction defects are present, each Plaintiff is a "claimant" under Section 70-19-426(3), MCA.

95.     Defendant VCL was a "builder" and/or "contractor" with respect to the home, and accordingly is a "Construction Professional" under Section 70-19-426(5), MCA.

96.     Defendant VPL was a "builder vendor" with respect to the residences, and accordingly is a "Construction Professional" under the same section.

97.     The conditions found in the Enclave Condominiums are, or arise from, one or more "Construction Defects" as defined by such statutes.

98.     Prior to filing this Amended Complaint, Plaintiffs provided Defendants VCL and VPL with timely notices of their claims for construction defects, and otherwise complied with the requirements of Section 70-19-427, Mont. Code Ann.

99.     Neither Defendant provided a timely or otherwise proper response to the Notice required by Section 70-19-427, MCA.

100.    Each Defendant has failed to remedy all of the construction defects described by the Plaintiffs.

101.    Plaintiffs are entitled to proceed with this action and recover from Defendants VCL and VPL all damages and other remedies authorized by Section 70-19-428, MCA.

- 17 -

EXHIBIT A

## COUNT XII: NEGLIGENCE
### (Against VG)

102.   Upon information and belief, Defendant VG, through its employees or agents, directed and/or managed the activities of Defendants VCL and/or VPL, or otherwise acted as their authorized agent in connection with the events and transactions surrounding the planning and construction of the Enclave Condominiums, and the operation of ECOA through Spring of 2012, including ECOA's maintenance obligations. In undertaking such actions, VG, owed ECOA and the Unit Owners a separate and individual duty of care.  Such Defendant had a separate and individual duty to act reasonably so as not to create conditions which may foreseeably cause harm to the interests of others, including ECOA and the Unit Owners.

103.   VG breached its duties.

104.   As a direct and proximate result of VG's negligence, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

## COUNT XIII: NEGLIGENT MISREPRESENTATION
### (Against VG)

105.   Defendant VG, by and through its employees and/or agents, made representations to the Plaintiffs concerning various facts regarding the project, the structures, the adequacy of construction methods by VCL, and the condition of the project and the Units.

106.   Such representations were made with the intent that Plaintiffs rely on them.

107.   Plaintiffs did rely upon each of the Defendant's representations.

108.   Defendant made such representations without any reasonable ground for believing them to be true.

109.   The representations were untrue and Plaintiffs were unaware that the representations made to them by the Defendant were untrue.

110.   As a direct and proximate result of their reliance on Defendant's representations, each of the above-captioned Plaintiffs has been damaged in an amount to be established at trial.

- 18 -

EXHIBIT A

## RESERVATION OF FURTHER CLAIMS

111.    Plaintiffs reserve further claims arising out of the same transaction and events described herein against the named Defendants, including without limitation claims for Violation of the Montana Consumer Protection Act; Constructive Fraud, Deceit and Punitive Damages.  Plaintiff further reserves, pending Discovery, claims arising of the same transaction and events described herein against employees and agents of VG who may have served as directors and officers of ECOA, or otherwise may have acted on its behalf, and in doing committed negligence or other acts or omissions in connection with the events and transactions at issue.  Plaintiff may assert claims against such persons  for Negligence, Breach of Fiduciary Duties, Violation of the Montana Consumer Protection Act; Constructive Fraud; Negligent Misrepresentation; Deceit and Punitive Damages.  Plaintiffs are without sufficient information to allege such claims at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against Defendants, jointly and severally:

1.    Judgment against Defendants, and an award of Plaintiffs' general and special compensatory damages;

2.    For attorneys fees as awardable by statute, including Section 70-19-428, Mont. Code Ann. or by contract;

3.    Plaintiff's costs incurred in the prosecution of this action, to the extent allowed by law;

4.    For prejudgment interest; and

5.    Such other and further legal and equitable relief as the Court deems just and appropriate.

EXHIBIT A

Dated this 1st day of October, 2015.

GLENN E. TREMPER, PLLC

By _____
Glenn E. Tremper
300 River Drive North, Suite 5
P.O. Box 2263
Great Falls, MT 59403
Attorneys for Plaintiffs

**JURY DEMAND**

Plaintiffs request trial by jury on all issues so triable.

Dated this 1st day of October, 2015.

GLENN E. TREMPER, PLLC

By _____
Glenn E. Tremper
300 River Drive North, Suite 5
P.O. Box 2263
Great Falls, MT 59403
Attorneys for Plaintiffs

- 20 -

EXHIBIT A