# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

FILED
6/5/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>VOYAGER CONSTRUCTION, LLC; VOYAGER PROPERTIES, LLC; EMPLOYERS MUTUAL CASUALTY COMPANY; SENTINEL INSURANCE COMPANY; THOSE CERTAIN UNDERWRITERS OF LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. N04NZ00790; AND JOHN DOES 1–10,<br><br>Defendants. | No. CV 19-24-BU-SEH<br><br>**ORDER** |

This case filed on May 31, 2019, asserts diversity jurisdiction under 28

U.S.C. § 1332(a).[1]

---

[1] *See* Doc. 1 at 4.

-1-

Federal district courts have original diversity jurisdiction under 28 U.S.C. § 1332(a)(3) for civil actions between "citizens of different States [with] citizens or subjects of a foreign state [as] additional parties" if the amount in controversy exceeds §75,000, exclusive of interest and costs.[2] Each defendant must be a citizen of a state different from each plaintiff.[3]

Several defendants are named.[4] Two are limited liability companies ("LLC"): Voyager Construction, LLC ("VCL") and Voyager Properties, LLC ("VPL").[5]

"[A]n LLC is a citizen of every state of which its owners/members are citizens."[6] "[A] party seeking to establish diversity jurisdiction in a case in which [an LLC] is a party must *list* the citizenships of *all* members of the company, and if any of those members have members, [the members'] citizenships must be listed

---

[2] *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

[3] *See In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted); *see also* 15A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.71, pp. 102-235 to 102-236 (3d ed. 2018) ("Section 1332(a)(3) establishes a requirement of complete diversity between United States citizens, but permits aliens on each side of the dispute as additional parties.").

[4] *See* Doc. 1 at 2–3.

[5] *See* Doc. 1 at 2.

[6] *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

as well."⁷

The complaint asserts that VCL's and VPL's "members are citizens of either Montana or Pennsylvania, but not Arizona," without specifically listing the citizenship of each member.⁸ Absent specific allegations of the citizenships of all members of each LLC, diversity jurisdiction is not well-pleaded.⁹

Several unidentified "John Does 1-10" are also designated as defendants.¹⁰ Inclusion of such unidentified "Doe" defendants "destroys [diversity] jurisdiction" in an original federal action.¹¹

The complaint further asserts the Court has jurisdiction "alternatively" under the "Declaratory Judgment Act, 28 U.S.C. Section 2201(a)."¹² "'[T]he

---

⁷ 15A JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 102.57[8], p. 102-226.2 (3d ed. 2018) (emphasis added); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation.").

⁸ Doc. 1 at 2.

⁹ *See Settlement Funding, L.L.C.*, 851 F.3d at 536.

¹⁰ Doc. 1 at 3.

¹¹ *Garter-Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir. 1980) (citing *Molnar v. Nat'l Broad. Co.*, 231 F.2d 684 (9th Cir. 1956); *Fifty Assocs. v. Prudential Ins. Co.*, 446 F.2d 1187, 1190 (9th Cir. 1970)); *cf.* 28 U.S.C. § 1441(b)(1) (2018) (providing that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of diversity jurisdiction in the removal context).

¹² Doc. 1 at 4.

Declaratory Judgment Act does not itself confer federal subject matter jurisdiction but merely provides an additional remedy in cases where jurisdiction is otherwise established.'"[13] Subject matter jurisdiction is not established by the declaratory judgment claim.

Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Leave to amend nevertheless will be given.[14]

ORDERED:

This case will be dismissed on June 18, 2019, unless the complaint is amended to properly plead jurisdiction.

DATED this 5th day of June, 2019.

SAM E. HADDON
United States District Court

---

[13] *City of Colton v. Am. Promotional Events, Inc.-West*, 614 F.3d 998, 1006 (9th Cir. 2010) (quoting *Staacke v. U.S. Sec'y of Labor*, 841 F.2d 278, 280 (9th Cir. 1988)).

[14] *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) ("A complaint should not be dismissed without leave to amend unless amendment would be futile.") (citation omitted).