# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>EMPLOYERS MUTUAL CASUALTY COMPANY; SENTINEL INSURANCE COMPANY; AND, THOSE CERTAIN UNDERWRITERS OF LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. N04NZ00790,<br><br>Defendants. | No. CV 19-24-BU-SEH<br><br>**ORDER** |

On November 4, 2019, counsel for The Society of Lloyd's ("Lloyd's"), filed what was denominated as "Special Appearance of the Society of Lloyd's."

The notice states that "J.R. Casillas and Peter F. Lacny, for the law firm Datsopoulos, MacDonald & Lind, P.C., enter their appearance as counsel of record for The Society of Lloyd's ('Lloyd's'), appearing specially in place of the parties incorrectly named as 'Those Certain Underwriters of Lloyd's of London Subscribing to Policy No. N04NZ00790.'"[1]

---

[1] Doc. 34 at 1–2.

A "special" appearance is not authorized by the Federal Rules of Civil Procedure.[2] It is of no significance to this Court and will not be recognized as an appearance.

DATED this 8th day of November, 2019.

SAM E. HADDON
United States District Court

---

[2] *See Wright v. Yackley*, 459 F.2d 287, 291 (9th Cir. 1972) ("Rule 12 of the Federal Rules of Civil Procedure has abolished the formal distinction between general and special appearances."); *see also Neifeld v. Steinberg*, 438 F.2d 423, 429 (3d Cir. 1971) ("The purpose behind Rule 12(b) is to avoid the delay occasioned by successive motions and pleadings and to reverse prior practice of asserting jurisdictional defenses by 'special appearance'") (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil § 1392, at 647–48 (1969)); *Delray Beach Aviation Corp. v. Mooney Aircraft, Inc.*, 332 F.2d 135, 144 (5th Cir. 1964).