# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, <br><br> Plaintiff, <br><br> vs. <br><br> EMPLOYERS MUTUAL CASUALTY COMPANY; SENTINEL INSURANCE COMPANY LIMITED; THOSE CERTAIN UNDERWRITERS OF LLOYD'S OF LONDON SUBSCRIBING TO VARIOUS POLICY NUMBERS;[1] AND, THE TRAVELERS INDEMNITY COMPANY OF AMERICA, <br><br> Defendants. | No. CV 19-24-BU-SEH <br><br> **PROTECTIVE ORDER** |

Defendant Sentinel Insurance Company Limited having submitted an unopposed Amended Motion to Enter Protective Order[2] incorporating the Court's additions[3] to the proposed protective order filed on July 2, 2020,[4]

---

[1] Policy Numbers N04NZ00790, N05NZ16950, N06NZ16880, and N07NZ18290.

[2] Doc. 77.

[3] *See* Doc. 73 at 2.

[4] *See* Doc. 62-1.

ORDERED:

The Amended Motion to Enter Protective Order[5] is GRANTED.

FURTHER ORDERED:

The Court enters the following Protective Order for Sentinel Insurance Company Limited, Nautilus Insurance Company, Employers Mutual Casualty Company, Those Certain Underwriters of Lloyd's of London Subscribing to Various Policy Numbers, and The Travelers Indemnity Company of America ("Party" or "Parties") for this lawsuit:

1. As used herein, "Confidential Information" means documents, electronically stored information ("ESI"), or other tangible things that contain "Confidential Information," as defined below.

2. "Confidential Information" shall mean information not already publicly available that constitutes: (i) any information subject to protection under the Privacy Act, 5 U.S.C. § 552a, (ii) personal or financial information, including information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2, or (iii) financial, trade secret, or other confidential or proprietary research, development, commercial information,

---

[5] Doc. 77.

income data, or revenue data the disclosure of which to Third Parties may be harmful to the Party producing this information, as well as:

    a.    The General Release, including all copies, excerpts, or summaries, executed by the parties to the lawsuit captioned: The Enclave Condo. Owners Ass'n, Inc., et al. v. Voyager Constr., LLC, et al., DV-29-2015-48, Fifth Judicial District, Madison County, Montana; and

    b.    All documents, communications, and information designated as Confidential Information by a Party or Third Party in accordance with the terms of this Protective Order.

3.    "Litigation" shall include all appellate proceedings or the expiration of time to commence such appellate proceedings related to this action.

4.    "Third Party" or "Third Parties" means any natural person, partnership, corporation, association, government body, agency, or other legal or government entity not named as a Party to this action.

5.    Confidential Information shall be treated as confidential during this Litigation. The Parties may use Confidential Information solely for the purposes of this Litigation. The Parties and their counsel are responsible for employing

reasonable measures, consistent with this Protective Order, to control access to and secure destruction of Confidential Information.

6. The Parties shall not disclose information derived from such Confidential Information to any Third Parties except as provided in this Protective Order. The Parties may disclose Confidential Information only to the following Third Parties and only for the purposes of this Litigation:

    a. Counsel of record for the Parties in this Litigation, including associated personnel necessary to assist counsel, such as paralegals, litigation support, information technology, information or records management, and secretarial or clerical personnel;

    b. Experts or consultants retained for this Litigation;

    c. The Parties and their officers or employees, including in-house counsel and claims administrators, whose assistance is reasonably necessary to assist counsel in this Litigation;

    d. Deposition reporters;

    e. The Court and court personnel (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court);

f.   The Parties' auditors, parent companies, subsidiaries, affiliates, directors, officers, employees, agents, regulators, accountants, reinsurers and retrocessionnaires;

g.   Any private mediators used in this Litigation and their employees; and

h.   Any non-party witness who is called to testify at a deposition or hearing in this Litigation concerning documents or information designated as subject to this Protective Order or who otherwise will be shown or given access to documents or information designated as subject to the Protective Order during the deposition or hearing, provided that any such person or entity is informed of the terms of this Protective Order, or provided that the Court, upon the request of any Party, otherwise permits the disclosure of Confidential Material to the individual.

7.   The Parties shall inform each person to whom disclosure of Confidential Information is permitted pursuant to paragraph 6 above of this Protective Order and the Parties shall request each person: (a) not to use any document or information for any purpose other than in connection with the

prosecution or defense of this Litigation; and (b) not to reveal such document or information to any person not so identified in Paragraph 6.

8. The Parties shall follow the appropriate Federal Rules of Civil Procedure and local rules when filing or submitting Confidential Information to the Court.

9. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Information, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Information.

10. A Party producing or disclosing Confidential Information may invoke this Protective Order's protection by following the procedures set forth below:

    a. With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating Party seeks the protection of this Protective Order. To the extent a document contains some "Confidential" information and some non-confidential information, a Party may designate the entire document for treatment as "Confidential" within the scope of this Protective Order.

    b.    With respect to answers to interrogatories or requests for admission, the specific responses containing Confidential Information shall be clearly marked as "Confidential."

    c.    With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within thirty (30) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period following receipt of the transcript.

11.    Documents or information produced by a Third Party may be designated as Confidential Information by the Third Party. Further, the documents or information produced by a Third Party shall be treated as Confidential Information, whether or not they are designated as such, for thirty (30) days after receipt of the documents or information to allow a Party to review the material for Confidential Information. In the event a Party believes that documents or

information produced by a Third Party contain Confidential Information, the Party may designate the documents or information as Confidential Information.

12. If documents or information deemed "Confidential" is inadvertently produced without the designation "Confidential," a Party may nevertheless timely assert the confidentiality of the information upon learning of the inadvertent disclosure by providing written notice of such to all Parties and producing said information or documents with the "Confidential" designation. Upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice.

13. If a Party disagrees with the propriety of a "Confidential" designation as to any document, communication or information, that Party may give the designating Party written notice of its disagreement. The Parties shall then meet and confer within ten (10) business days in a good-faith effort to resolve the disagreement. If the Parties are unable to resolve their disagreement, the challenging Party may move the Court to challenge the designation as Confidential Information. Any information designated as "Confidential" shall remain subject to the terms of this Protective Order unless and until otherwise provided by order of the Court. If the Court rules that a document or other discovery material should no longer be designated as Confidential Information or

if the designating Party at any time withdraws the designation, the designating Party shall promptly provide all other Parties in the Litigation with replacement documents, files, or information free from any markings or designations as Confidential Information.

14. If any Party or person who has received Confidential Information is asked to produce such information by a subpoena or other compulsory process for purposes of use in a separate legal action, the Party or person receiving such a request shall promptly inform the designating Party that such request has been made at least ten (10) days prior to the response date.

15. Nothing in this Protective Order shall restrict the right of any Party to use its own Confidential Information for any purpose.

16. The confidentiality obligations imposed by this Protective Order shall remain in effect after termination of this Litigation. Except as provided in this Protective Order, the Parties agree to maintain Confidential Information in accordance with their document retention guidelines.

17. Notwithstanding the above provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, affidavits, motion papers, trial, transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, briefs, other papers filed with the Court, and any other parts of the trial

record, as well as notes and other documents constituting the work product of litigation counsel, even if these items contain or reflect Confidential Information, solong as the these items remain clearly marked to reflect that the information contained therein is Confidential Information subject to this Protective Order.

18. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document electronically stored information, or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

19. The Parties reserve the right to designate documents produced to one another prior to the entry of this Protective Order as Confidential Information under the terms of this Order.

20. This Protective Order does not preclude the right of any Party to move the Court for any further Protective Order; to object to the production of documents or information; to move the Court for an order compelling production of documents or information; or to move the Court to modify this Order.

21. Filing of documents subject to a protective order shall require a motion for leave to redact and be conducted in compliance with L.R. 26.4(b)(2). No redacted document shall be considered by the Court or relied upon by any party absent an order of Court so permitting.

22. All Parties understand that all documents relied upon by the Court in resolving any issue before the Court, including documents redacted, will be unredacted and made public contemporaneously with the Court's ruling on the issue.

DATED this 23rd day of July, 2020.

SAM E. HADDON
United States District Judge